UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

DANIEL LEWIS,

                                      Plaintiff,

        -against-

CITY OF NEW YORK, LEON PEDIGO, Individually, and
JOHN AND JANE DOE 1 through10, Individually, (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                                     Defendants.

-------------------------------------------------------------------------------X

**COMPLAINT**

Index No.

<u>Jury Trial Demanded</u>

      Plaintiff DANIEL LEWIS, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

<u>**Preliminary Statement**</u>

      1.      Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts supplemental state law claims.

<u>**JURISDICTION**</u>

      2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

      3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

<u>**VENUE**</u>

      4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

**PARTIES**

6.     Plaintiff DANIEL LEWIS is a twenty-three-year-old African American man who resides in Queens, New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants, LEON PEDIGO and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12.     On June 4, 2015 at approximately 12:00 a.m., plaintiff was a lawful pedestrian on Vermont Street, between Riverdale Avenue and New Lots Avenue, Brooklyn, New York, when he was unlawfully stopped, questioned, assaulted, battered, and arrested by defendant NYPD officers LEON PEDIGO, JOHN DOE 1, and JOHN DOE 2.

13.     Although plaintiff had committed no crimes or offenses, and was not engaged in any suspicious activity, the defendant officers aggressively approached plaintiff.

14.     The officers then grabbed plaintiff's person, pushed plaintiff through a gate and up against a wall, and placed handcuffs on plaintiff's wrists.

15.     After handcuffing plaintiff, the defendant officers dragged plaintiff to their police vehicle and imprisoned him therein.

16.     The defendant officers transported plaintiff to the 75th Police Precinct stationhouse, where he was held for a number of hours before being transported to Kings County central booking.

17.     The defendant officers thereafter released plaintiff from central booking on the afternoon of June 4, 2015, without charging him with any crimes or offenses.

18.     Defendants LEON PEDIGO and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct

19.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or

3

practices of falsely arresting individuals, falsification, lax investigations of police misconduct, and of covering up abuse by fellow officers.

20.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD'S Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants engage in a practice of unlawfully stopping individuals without justification, engage in falsification to justify unlawful arrests, and that they engage in cover ups of police abuse.

21.     For instance, in another civil rights action filed in this court involving false allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

22.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

23.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

24.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

25.     All of the aforementioned acts deprived plaintiff DANIEL LEWIS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

26.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

27.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

28.     As a result of the foregoing, plaintiff DANIEL LEWIS sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## **Federal Claims**

### **AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 against Defendant Officers)

29.     2Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30.     Defendants arrested plaintiff DANIEL LEWIS without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

31.     Defendants caused plaintiff DANIEL LEWIS to be falsely arrested and unlawfully imprisoned.

32.     As a result of the foregoing, plaintiff DANIEL LEWIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983 against Defendant Officers)

33.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff DANIEL LEWIS' constitutional rights.

35.     As a result of the aforementioned conduct of defendants, plaintiff DANIEL LEWIS was subjected to excessive force and sustained physical and emotional injuries.

36.     As a result of the foregoing, plaintiff DANIEL LEWIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 against Defendant Officers)

37.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38.     Defendants had an affirmative duty to intervene on behalf of plaintiff DANIEL LEWIS, whose constitutional rights were being violated in their presence by other officers.

6

39.     The defendants failed to intervene to prevent the unlawful conduct described herein.

40.     As a result of the foregoing, plaintiff DANIEL LEWIS' liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

41.     As a result of the foregoing, plaintiff DANIEL LEWIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983 against Defendant Officers)

42.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.     The individual defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

44.     As a result of the foregoing, plaintiff DANIEL LEWIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

45.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

7

46.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

47.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff DANIEL LEWIS' rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

48.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff DANIEL LEWIS.

49.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff DANIEL LEWIS as alleged herein.

50.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff DANIEL LEWIS as alleged herein.

51.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff DANIEL LEWIS was unlawfully arrested and subjected to excessive force.

52.     Defendants, collectively and individually, while acting under color of state law,

8

were directly and actively involved in violating plaintiff DANIEL LEWIS' constitutional rights.

53.    All of the foregoing acts by defendants deprived plaintiff DANIEL LEWIS of federally protected rights, including, but not limited to, the right:

      A.    Not to be deprived of liberty without due process of law;

      B.    To be free from false arrest;

      C.    To be free from excessive force;

      D.    To be free from the failure to intervene; and

      E.    To be free from municipal liability.

54.    As a result of the foregoing, plaintiff DANIEL LEWIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**Supplemental State Law Claims**

55.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

57.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

58.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

9

59.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

60.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SIXTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York against Defendant Officers and Defendant City of New York)

61.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     Defendants arrested plaintiff DANIEL LEWIS without probable cause.

63.     Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

64.     As a result of the aforementioned conduct, plaintiff DANIEL LEWIS was unlawfully imprisoned in violation of the laws of the State of New York.

65.     As a result of the aforementioned conduct, plaintiff DANIEL LEWIS suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

66.     Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*

67.     As a result of the foregoing, plaintiff DANIEL LEWIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

10

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York against Defendant Officers and Defendant City
of New York)

68.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.    As a result of the foregoing, plaintiff DANIEL LEWIS was placed in apprehension of imminent harmful and offensive bodily contact.

70.    As a result of defendant's conduct, plaintiff DANIEL LEWIS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

71.    Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*

72.    As a result of the foregoing, plaintiff DANIEL LEWIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Battery under the laws of the State of New York against Defendant Officers and Defendant City
of New York)

73.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.    Defendants made offensive contact with plaintiff without privilege or consent.

75.    As a result of defendant's conduct, plaintiff DANIEL LEWIS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and

humiliation.

76.    Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*

77.    As a result of the foregoing, plaintiff DANIEL LEWIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
(Intentional Infliction of Emotional Distress under the laws of the State of New York against Defendant Officers and Defendant City of New York)

78.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

80.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

81.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

82.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff DANIEL LEWIS.

83.    As a result of the aforementioned conduct, plaintiff DANIEL LEWIS suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

84.    Defendant City, as employer of the individually named defendant officers, is

12

responsible for their wrongdoing under the doctrine of *respondeat superior*

85.     As a result of the foregoing, plaintiff DANIEL LEWIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

86.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff DANIEL LEWIS.

88.     Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

89.     As a result of the foregoing, plaintiff DANIEL LEWIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

90.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.    Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff DANIEL LEWIS.

92.    As a result of the foregoing, plaintiff DANIEL LEWIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York against Defendant Officers and Defendant City of New York)

93.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

95.    Defendant City, as employer of the individually named defendant officers, is responsible for their negligence under the doctrine of *respondeat superior*

96.    As a result of the foregoing, plaintiff DANIEL LEWIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12 against Defendant City of New York)

97.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.    As a result of defendants' conduct, plaintiff DANIEL LEWIS was deprived of his right to security against unreasonable searches, seizures, and interceptions.

99.    As a result of the foregoing, plaintiff DANIEL LEWIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff DANIEL LEWIS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: New York, New York
      January 20, 2016

                                        BRETT H. KLEIN, ESQ., PLLC
                                        Attorneys for Plaintiff DANIEL LEWIS
                                        305 Broadway, Suite 600
                                        New York, New York 11201
                                        (212) 335-0132

                          By:
                                        BRETT H. KLEIN (BK4744)

15

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------------X

DANIEL LEWIS,

                                       Plaintiff,

       -against-

CITY OF NEW YORK, LEON PEDIGO, Individually, and
JOHN AND JANE DOE 1 through10, Individually, (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                                       Defendants.

---------------------------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132